UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEDA SHOJEAI,

       Plaintiff,

-vs-                            Case No.    5:11-cv-247-Oc-10-TBS

UNITED STATES OF AMERICA,

       Defendants.

_____/

## **MEMORANDUM OPINION**

During the pre-dawn hours of June 16, 2009, Neda Shojeai was awakened and arrested at her home in Clermont, Florida, by a team of DEA Agents.  She spent three days in the Marion County Jail and was then released upon discovery that she was not the Neda Shojeai named in the arrest warrant upon which the arresting agents had relied.  It was a case of mistaken identity.

Ms. Shojeai later brought this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq.  There is no dispute that the court has jurisdiction, 28 U.S.C. § 1346(b)(1), and that all prerequisites to the maintenance of the action by the Plaintiff have been met.  It is also undisputed that Florida law supplies the rule of decision.

The case was tried before the court without a jury, argument was heard, and the matter was taken under submission for subsequent decision.

The parties' Joint Pretrial Statement (Doc. 35)[1] succinctly states the ultimate issue of liability to be whether the arresting officers acted with probable cause, that is, whether they acted reasonably given the totality of the circumstances.  (Id., Paragraphs XI and XII, page 6).

I

The salient facts are these.  During the early part of 2009, the DEA was investigating a large, conspiratorial ring of offenders regularly transporting marijuana from Canada into New York, New Hampshire and other states in New England.  Surveillance of the suspected traffickers revealed that a person named Neda Shojeai was one of the couriers.[2]

Within a period of three days in early April, 2009, Shojeai the courier was stopped on two separate occasions, once in Massachusetts and once in New York.  Large sums of cash were seized both times but no arrest was made because the DEA was not ready to terminate the investigation as a whole.  During the stop in New York, Shojeai the courier produced a Canadian passport reflecting a birth date of July 25, 1973.

At some point during the investigation prior to June 10, 2009, a computer search keyed to the name "Neda Shojeai" revealed the existence of a Florida driver's license issued to a person bearing that name with a residential address in Clermont,

---

[1]     By rule (Rule 3.06, M. D. Fla. Rules) the pretrial statement supplants the pleadings and, upon adoption by the court, governs all subsequent proceedings including trial and disposition.

[2]     Her name was first ascertained by observation of a parking sticker in the windshield of her vehicle while it was parked at La Guardia Airport in New York during March, 2009.

Florida, and a birth date of October 25, 1973.  A copy of the driver's license was included in the investigative file.

On June 10, 2009, a sealed indictment was returned in the United States District Court for the District of New Hampshire charging thirteen defendants, including Neda Shojeai, with a marijuana conspiracy offense in violation of 21 U.S.C. § 846.  A warrant of arrest was issued on the same date – June 10, 2009 – for Neda Shojeai.

Based solely on the Florida driver's license then in the file, the DEA Agents in New England forwarded the warrant to their counterparts in this District and Neda Shojeai, the Plaintiff, was arrested at her home on June 16, 2009.  She was taken to the Marion County Jail In Ocala where she was incarcerated for three days.  Then, based once again on her driver's license showing a birth date of October 25, 1073 (rather than the Defendant Shojeai's birth date of July 25, 1973) the Plaintiff was released.

## II

The case presents two entirely straightforward issues that are easily stated, but not so easily answered:  (1) did the agents use reasonable care in the execution of the warrant resulting in the wrongful arrest of the Plaintiff; and, if not (2) what are the Plaintiff's damages.

A.      It is, to say the least, a strange case in the sense that it happens to involve two women of the same age (both born in 1973) having the same name – a name that is said to be common in Iran (the Plaintiff's place of birth) but entirely

uncommon in Anglo America.  Under such circumstances it is easy to see how the error occurred.  Simply because it was an understandable mistake, however, does not mean that reasonable care was taken.

Neither side saw fit to present any independent expert testimony concerning the standard of care to be exercised in identifying subjects named in an arrest warrant before executing the warrant, so the court is left to its own evaluation.[3]

Upon due consideration, the court finds on the basis of a preponderance of the evidence that the agents responsible for the mistaken identification of the Plaintiff as the person to be arrested did not use reasonable care in making that identification. The driver's license forming the basis of the agents' arrest of the Plaintiff was the same item of evidence relied upon three days later when the mistake was discovered based entirely on the Plaintiff's date of birth.  No new evidence had come forward. The fact revealing the mis-identification was there for ready observation before the arrest, as it was afterward, and should have been noted, in the exercise of reasonable care, before the warrant was executed.

The court therefore finds in fact, and concludes in law, that the Plaintiff was the victim of the tort of false arrest/false imprisonment under Florida law, and that the United States is liable for her damages proximately caused by that tortious conduct.

B.      At trial, the Plaintiff narrowed her prayer for damages to the sole element of personal humiliation and emotional pain and suffering proximately caused by her

---

[3]      The United States has made no argument that this case is of a kind in which expert testimony is essential to a determination of the appropriate standard of care.

arrest and incarceration.  She relied exclusively upon her own testimony; no expert mental health care provider was called to offer an opinion about her emotional state or any need for professional treatment.  Also, neither party offered evidence of the amount or range of awards made by the state and federal courts in Florida (or elsewhere) in similar cases.  The court is left to make its own evaluation.

The Plaintiff credibly testified to the emotional and physical shock she experienced by being awakened, arrested and taken off to jail when she knew she had done nothing wrong.

In one recent case tried in this court involving a claim of false arrest the jury awarded the Plaintiff the sum of $100,000.00 for her mental pain and anguish.  Allen v. Wal-Mart Stores, Inv., Case No. 5:09-cv-162-Oc. (Doc. 180).  See also Johnson v. Barnes & Noble Booksellers, Inc., 437 F.3d 1112 (11th Cir. 2006) (affirming an award of $117,000.00 for the Plaintiff's emotional paid and mental anguish as a result of a false imprisonment), and Forgie-Buccioni v. Hannaford Bros., Inc., 413 F.3d 175 (1st Cir. 2005) (affirming an award of $100,000.00 to the Plaintiff in a false arrest/false imprisonment case.)

Accordingly, the court finds that an award of $100,000.00 in this case would be, and is, a fair and reasonable compensation to the Plaintiff for her mental and emotional pain and anguish, past and future.

The Clerk is instructed to enter judgment in favor of the Plaintiff and against the United States in the amount of $100,000.00.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 11th day of January, 2013.

UNITED STATES DISTRICT JUDGE


Copies to:    Counsel of Record
              Maurya McSheehy, Courtroom Deputy